# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GREGORY JOHN SAWKA,**

    Plaintiff,

  v.                                               Case No. 20-CV-157

**THERESA LEE, et al.,**

    Defendants.

## ORDER

On March 17, 2020, U.S. District Judge Lynn Adelman screened plaintiff Gregory John Sawka's complaint and allowed him to proceed on an Eighth Amendment claim against the defendants based on his allegations that they failed to protect him from another inmate. (ECF No. 8.) On October 29, 2020, Johnson moved for leave to file an amended complaint. (ECF No. 27.) He seeks to clarify that he is suing the defendants in their individual capacities and to fine-tune his request for relief.

Federal Rule of Civil Procedure 15(a)(2) instructs courts to freely give a plaintiff leave to amend his complaint "when justice so requires"; however, a court is not required to grant leave when doing so would be futile—that is, the plaintiff would not gain anything from amending his complaint in the way he proposes. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court will not allow Sawka to amend his complaint because his proposed amendments are unnecessary.

Sawka wants to clarify that he is suing the defendants in their individual capacities, but such a clarification is unnecessary because he is already proceeding against the defendants in their individual capacities. He also would like to update his request for relief. In his complaint, Sawka seeks injunctive relief and compensatory damages. He would like to amend his complaint to include a request for punitive damages and to revise the amount of compensatory damages he seeks.

Under Federal Rule of Civil Procedure 8, a plaintiff is required to make a demand for the type of relief sought, which may include different types of relief. It is unnecessary to state the specific amount of money damages sought; that amount will be determined by the factfinder based on evidence presented at trial. The court will allow Sawka to supplement his request for relief to include a request for punitive damages, but his other proposed changes are unnecessary. The court acknowledges that in their answer, the defendants denied that "Plaintiff is entitled to *any* relief he seeks." (ECF No. 16 at 4) (emphasis added).

Because Sawka's proposed amended complaint makes the same substantive allegations as his original complaint—that the defendants failed to protect him from another inmate—Sawka will gain nothing by amending his complaint in the way he proposes. As such, the court will deny his motion for leave to amend his complaint.

**IT IS THEREFORE ORDERED** that Sawka's motion to amend the complaint (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Sawka's request for relief is supplemented to include a request for punitive damages.

Dated in Milwaukee, Wisconsin, this 2nd day of November, 2020.

**BY THE COURT:**

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge